**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGELA RICO GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:15-cv-01142-EPG<br><br>ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 26) |

On May 4, 2020, counsel for Plaintiff, Denise Bourgeois Haley, of the Law Offices of Lawrence D. Rohlfing, filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 26.) Plaintiff and Defendant were served with a copy of the motion. (ECF No. 26 at 13.) Defendant has filed a response to the motion, but does not take a position regarding the reasonableness for the request for attorney's fees. (ECF No. 27.) Plaintiff has not filed an objection or other response to the motion.

For the reasons set forth below, the motion for an award of attorney's fees is GRANTED in the amount of $11,500, and Plaintiff's counsel is ordered to reimburse Plaintiff for the $4,234 Equal Access to Justice Act ("EAJA") fees and expenses previously paid by the Commissioner. (*See* ECF No. 25 (order awarding EAJA fees and expenses in the amount of $4,234).)

\\\

\\\

## I. BACKGROUND

On July 22, 2015, Plaintiff filed the underlying action seeking judicial review of a final administrative decision denying her claim for disability and supplementary security income benefits under the Social Security Act. (ECF No. 1.) On May 19, 2016, upon stipulation by the parties, the Court ordered the case remanded to the agency for further proceedings. (ECF No. 22.) On May 19, 2016, judgment was entered in accordance with the Court's order. (ECF No. 23.) On remand, the Commissioner awarded benefits to Plaintiff. (ECF No. 26-1 at 1-20.) On August 14, 2016, the parties filed a stipulation for an award of $4,324 in attorney fees under EAJA (ECF No. 24), and on August 18, 2016, the Court entered an order on the stipulation, awarding Plaintiff EAJA attorney fees and expenses in the amount of $4,324 (ECF No. 25).

On April 21, 2020, the Commissioner issued a notice that retroactive disability benefits had been awarded to Plaintiff in the amount of $46,121, and that $6,000 was withheld from the past-due benefits to pay Plaintiff's representative. (ECF No. 26-2 at 4.) On May 4, 2020, Plaintiff's counsel filed a motion for attorney fees in the amount of $11,500, with an order for Plaintiff's counsel to reimburse Plaintiff for the $4,234 EAJA fees and expenses previously awarded. (ECF No. 26.) Plaintiff's counsel's § 406(b) motion for attorney fees is currently pending before the Court.

## II. DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not

responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the § 406(b) attorney fees award is not paid by the government, the Commissioner has standing to challenge the award. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under § 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that § 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, the fee agreement between Plaintiff and the Law Offices of Lawrence D. Rohlfing,

1   LLP, which is signed by Plaintiff and counsel, provides:

> If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under the [EAJA] and such amount shall credit to the client for fees otherwise payable for court work.

(ECF No. 26-3 at 1 (emphasis in original).)

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which includes an award of benefits. Plaintiff's counsel represents that the firm spent 24.5 hours of attorney time and paralegal time representing Plaintiff in this matter, ultimately gaining a favorable decision in that the case was remanded to the Commissioner, who then awarded benefits to Plaintiff. (ECF No. 26-4 (time sheets accounting for 21.5 attorney hours and 3.4 paralegal hours spent representing Plaintiff before the district court).) There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. There also is no evidence that counsel engaged in any dilatory conduct resulting in delay.

Plaintiff's counsel seeks an award of $11,500, which results in a blended hourly rate for attorney and paralegal time of $469. The Ninth Circuit has found similar—and in many cases, higher—effective hourly rates reasonable in social security contingency fee arrangements. *See, e.g., Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range," and collecting cases). Further, the requested attorney fees award of $11,500 does not exceed 25% of past-due benefits and is not excessive in relation to the past-due benefits awarded. *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting § 406(b) attorney fees in the amount of $24,350.00); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) (granting

§ 406(b) attorney fees in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting § 406(b) attorney fees in the amount of $20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending an award of § 406(b) attorney fees in the amount of $34,500.00), *adopted by* 2011 WL 841363.

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Plaintiff's attorneys accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee, and counsel successfully secured a remand and ultimately an award of substantial benefits to Plaintiff.

An award of attorney fees pursuant to § 406(b) in the amount of $11,500 is, therefore, appropriate. An award of § 406(b) fees, however, must be accompanied by a requirement that Plaintiff's counsel reimburse Plaintiff for the amount of any prior award of attorney's fees under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was previously awarded $4,324 in attorney's fees pursuant to the EAJA; as such, Plaintiff's counsel must reimburse Plaintiff the $4,324 EAJA award.

## III.   CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the attorney fees sought by Plaintiff's counsel pursuant to § 406(b) are reasonable. Accordingly, IT IS ORDERED:

1. Plaintiff's counsel's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $11,500 is GRANTED;

2. Plaintiff's counsel is ordered to reimburse Plaintiff $4,324 for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

\\\

3. The Clerk of the Court is respectfully directed to serve a copy of this Order on Plaintiff, Ms. Angela Rico Gonzalez, 2567 Walnut St., Selma, CA 93662.

IT IS SO ORDERED.

Dated: __**July 8, 2020**__                    /s/ Erica P. Grosjean
                                                                 UNITED STATES MAGISTRATE JUDGE